UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMMY BOWMAN,                           ) | |
|                                         ) | |
| Plaintiff,                              ) | |
|                                         ) | |
| v.                                      ) | Case No. 1:19-cv-04483-TWP-DML |
|                                         ) | |
| WEXFORD OF INDIANA, LLC, and            ) | |
| PAUL TALBOT,                            ) | |
|                                         ) | |
| Defendants.                             ) | |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS
AND GRANTING MOTIONS TO SUBSTITUTE AND SUPPLEMENT**

This matter is before the Court on Plaintiff Timmy Bowman's ("Bowman") Motion Requesting Sanctions, (Dkt. 91), Motion to Substitute, (Dkt. 93), Motion Requesting Sanctions, (Dkt. 94), Motion to Supplement Sanctions, (Dkt. 99), and Second Motion to Impose Sanctions, (Dkt. 100). Bowman, an inmate at Pendleton Correctional Facility filed this lawsuit alleging the Defendants Wexford of Indiana, LLC ("Wexford") and Paul Talbot ("Dr. Talbot") (collectively, the "Defendants"), were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. The parties' cross-motions for summary judgment are currently under advisement. Bowman has since filed several motions asking the Court to impose sanctions on the Defendants for alleged discovery abuses. For the following reasons, the motion to substitute and motion supplement are **granted,** however, the motions concerning sanctions are **denied**.

### I. BACKGROUND

On November 7, 2019, Bowman filed a Complaint, alleging the Defendants violated his Eighth Amendment rights to receive adequate medical care and treatment. (Dkt 2). On November 7, 2019, the Court screened the Complaint, finding that Plaintiff's Eighth Amendment claims shall proceed against the Defendants. (Dkt. 9) Bowman's specific claims are that he has received

inadequate medical care for several conditions, including blocked arteries, blood clots, and a brain aneurism. He filed a Motion for Summary Judgment on these claims, (Dkt. 54), and sought to supplement that motion for summary judgment twice, (Dkt. 65, Dkt. 85). In his second Motion to Supplement, he stated that Martial R. Knieser, MD ("Dr. Knieser"), a physician at Pendleton Correctional Facility, told him that he needed a consultation with a cardiologist, but that his requests for a consultation are being denied. (Dkt. 85 ¶ 16, Dkt. 86-1) The Defendants responded to the supplement stating that Bowman is being seen and treated for his heart condition. (Dkt. 88 at 2; Dkt. 88-1.) Bowman asserts in support of his request for sanctions that the Defendants failed to submit Dr. Knieser's consultation report in discovery. He also argues that Defendant Wexford has falsified his medication administration records.

## II. LEGAL STANDARDS

"A district court has inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015); *see Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008); *Greviskes v. Universities Research Ass'n*, 417 F.3d 752, 758-59 (7th Cir. 2005). This power "is permissibly exercised not merely to remedy prejudice to a party, but also to reprimand the offender and to deter future parties from trampling upon the integrity of the court." *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 797 (7th Cir. 2009) (citation and quotation marks omitted).

The power of a district court to issue sanctions extends to "default judgments against defendants as well as to dismissals against plaintiffs." *Secrease*, 800 F.3d at 401. This power "should be used only when there is a record of delay [or] contumacious conduct . . . . In deciding what measure of sanctions to impose, the district court should consider the egregiousness of the

conduct in question in relation to all aspects of the judicial process." *Greviskes*, 417 F.3d at 759 (citation and quotation marks omitted).

Federal Rule of Civil Procedure 37(c)(1) provides for sanctions for a party's failure to disclose information:

> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

### III.  DISCUSSION

**A.  Meeting with Dr. Knieser**

First, in his Motion to Supplement his Motion for Summary Judgment, Bowman asserts that when he met with Dr. Knieser in March and April of 2021, Dr. Knieser noted that he had a hiatal hernia he was experiencing an elevated heart rate and shortness of breath, but told him that Wexford would not approve a referral to a cardiologist. (Dkt. 85 at 2, 3.) The Defendants oppose the Motion to Supplement and provide several recent medical records, including a record showing that Bowman saw Dr. Knieser on April 29, 2021, to discuss the hiatal hernia. (Dkt. 88-1 at 11.) Bowman contends that this medical record is falsified and that the Defendants failed to provide it in discovery. The Defendants respond that those records were provided in response to the Motion to Supplement to the Motion for Summary Judgment. The Court finds no sanctionable conduct. To the extent that Bowman argues that the Defendants delayed in providing the records, they were

provided shortly after the medical appointment at issue. And, if Bowman contends that that the document is inaccurate, he can still provide his own evidence to support those assertions.

### B. Medication Administration Record

Next, Bowman contends that the Medication Administration Records that the Defendants provided in discovery and submitted in support of the summary judgment motion have been falsified. He points to the reports from March 6 and 7, 2020 and March 9 and 10, 2020, and states that those records are missing nurses' initials, which means that his medication was not delivered on those days. But, in another copy of those records, Bowman states that there are falsified initials on those days. The Defendants state that they have double-checked the Medication Administration Records at issue and conclude that there are no other versions of those records. Again, as will be discussed in the Motion for Summary Judgment, Bowman may dispute whether he received his medications on particular days, but he has not presented sufficient evidence of falsification--at this stage--to support sanctions against the Defendants.

### IV. CONCLUSION

For the foregoing reasons, Bowman's Motion Requesting Sanctions, Dkt. [94], and Second Motion to Impose Sanctions, Dkt. [100], are **DENIED**. The Motion to Substitute, Dkt. [93], is **GRANTED** to the extent that the substituted motion, Dkt. 94, was considered. Accordingly, the Motion Requesting Sanctions, Dkt. [91], is **DENIED as moot**. Finally, the Motion to Supplement Sanctions, Dkt. [99], is **GRANTED** to the extent that the supplement was considered.

**SO ORDERED.**

Date: 9/21/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Timmy Bowman, #251961
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com